IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

BILLY RAY SMITH,

    Petitioner,

v.                                              CIVIL ACTION NO. 5:15cv26
                                                    (Judge Stamp)

C. WILLIAMS, Warden,

    Respondent.

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On February 27, 2015, Petitioner filed a *pro se* Application for Habeas Corpus Pursuant to 28 U.S.C. §2241, and simultaneously paid the $5.00 filing fee. On March 17, 2015, Petitioner filed a supplement. The petitioner is a federal inmate housed at FCI Gilmer and appears to be challenging the validity of his conviction in the United States District Court for the District of Columbia and/or the validity of a subsequent conviction in the D.C. Superior Court. This matter is pending before me for a Report and Recommendation pursuant to LR PL P 2.

### II. BACKGROUND [1]

In June 1990, after a 3-day jury trial, Petitioner was convicted of distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (841(b)(1)©. In February 1992, the court sentenced Petitioner to 240 months of imprisonment and 3 years of supervised release. The D. C. Circuit affirmed

---

[1] The information contained in this section is taken from Petitioner's criminal docket in the District of Columbia, including the Government's Opposition to Defendant's 28 U.S.C. § 2255Motion for a Release Order and Motion to Void Judgment. See 1:90-cr-00143-RWR-DAR. Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009)(courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. V. Coil, 887 F.2d 1236,, 1239 (4th Cir. 1989)("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

Petitioner's conviction on appeal. United States v. Smith, 90 F.3d 591 (D.C. Cir. July 5, 1996)( unpublished decision).

On December 31, 1997, Petitioner filed a Motion to Vacate pursuant to 28 U.S.C. § 2255. Petitioner also filed motions for collateral relief and supplemental memoranda rasing new claims on October 18, 1999, and supplemental memoranda in 2001, 2002 and 2003. On August 5, 2005, the § 2255 Motion filed in 1997 was denied because the claims either had been adjudicated on direct appeal or had been procedurally defaulted. In addition, the August 5, 2005 Order denied the claims raised in the supplements filed in 1999, 2001, 2002 and 2003 as untimely and barred by the statute of limitations. (Dckt. 111). On February 26, 2011, the Court of Appeals denied Petitioner's request for leave to file a second or successive § 2255 motion. (Dckt. 128).

On June 29, 2013, Petitioner was released from prison and began his 3-year term of supervised release. Within five months, on June 12, 2013, Petitioner was arrested after patrol officers found him carrying 20 glassine bags of cocaine and a marijuana joint. Petitioner was indicted in D. C. Superior Court for possession with intent to distribute cocaine in violation of D. C. Code § 48-904. 01 (a)(1), and possession of marijuana in violation of D. C. Code § 48-904.01 (d), and a jury convicted him of both counts on March 27, 2014.[2] On September 26, 2014, the Superior Court sentenced petitioner to 28 months of imprisonment and 5 years of supervised release.

Simultaneously, the United States Probation Office notified the District of Columbia that Petitioner had violated the conditions of his supervised release by committing the aforesaid offenses. The Probation Office noted Petitioner had additionally violated the conditions of his release by submitting a sample[3] on October 25, 2013, that revealed that he had used marijuana. At an April 9,

---

[2]See No. 2013-CF2-9944 (D.C. Super. Ct.).

[3]The record available is not clear, but the undersigned assumes this to be a urine sample.

2014, hearing on the violations, Petitioner conceded the first violation and the Probation Office withdrew the second. On May 8, 2014, the Magistrate Judge issued an opinion noting the conceded violation and recommending "that the court revoke Defendant's term of supervised release, and impose a sentence in accordance with the applicable law." (Dckt. No. 144, at 3).

On October 3, 2014 the District Court revoked Petitioner's supervised release and sentenced him to 18 months of imprisonment – to run consecutive to his Superior Court sentence – with no further term of supervised release. The Court notified Petitioner that he had the right to appeal and had 14 days from the entry of final judgment in which to appeal. (Dckt. No. 149, p. 3). Petitioner did not file an appeal.

On February 23, 2015, Petitioner filed a *pro se* "28 U.S.C. § 2255 Motion for Release Order" and *pro se* Motion to "Void Judgment under 28 U.S.C. § 2255 and Federal Rule of Civil Procedure 15 (d)" which is still pending before the District Court for the District of Columbia. As interpreted by the Government, petitioner primarily contends that the District Court, as the federal court, lacked jurisdiction to impose the 18-month sentence for his violation of supervised release conditions because only the "state courts" had jurisdiction over his drug offenses. (Dckt. No. 158, p3).

The undersigned notes that on or about January 16, 2015, Petitioner again filed a "Motion for Leave to File a Second or Successive § 2255 Motion" in the D. C. Circuit, which remains pending. See No. 15-3005 (D.C. Cir.).[4]

### III. § 2241 PETITION

Petitioner's pending habeas pursuant to 28 U.S.C. § 2241 is less than a model of clarity. However, it appears that Petitioner is challenging his 1990 conviction in the United States District

---

[4] Available on PACER.

Court for the District of Columbia as well as the subsequent conviction for violating the terms of his supervised release. In addition, Petitioner may be challenging his 2014 conviction in the D.C. Superior Court. For relief, Petitioner seeks an order for his immediate release from the custody of the Bureau of Prisons.

## IV. STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2014); see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2014) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254. As a *pro se* litigant, Petitioner's pleadings are accorded liberal construction and held to less stringent standard than formal pleadings drafted by attorneys. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)(per curiam). However, even under this less stringent standard, the Petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990).

## V. ANALYSIS

The primary means of collaterally attacking a federal conviction and sentence is through a motion pursuant to 28 U.S.C. § 2255. A § 2241 petition is used to attack the manner in which a sentence is executed. Thus, a § 2241 petition that challenges a federal conviction and/or sentence is properly construed to be a § 2255 motion. The only exception to this conclusion is where a § 2241

4

petition attacking a federal conviction and sentence is entertained because the petitioner can satisfy the requirements of the "savings clause" in § 2255. Section 2255 states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255 (emphasis added).

The law is clearly developed, however, that merely because relief has become unavailable under § 2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the § 2255 remedy is inadequate of ineffective. In re Vial, 115 F. 3d 1192, 1194 (4th Cir. 1997). Moreover, in Jones, the Fourth Circuit held that:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-334 (4th Cir. 2000).

Although Petitioner does not raise the savings clause, it is clear that he is not entitled to its application. In the instant case, even if Petitioner satisfied the first and third elements of Jones, it is clear that he is not entitled to its application because violations of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) remain criminal offenses. Therefore, because Petitioner attacks the validity of his conviction and sentence, and fails to establish that he meets the Jones requirements, Petitioner has

not demonstrated that § 2255 is an inadequate or ineffective remedy and has improperly filed a § 2241 petition with respect to his conviction in the United States District Court for the District of Columbia.

Moreover, to the extent that Petitioner is attempting to contest his 2014 conviction in the D.C. Superior Court, his petition fails as well. Prior to 1970, "the D.C. court system did not exist in its present form, and many of the cases now brought in the District's courts were instead heard in federal court." Blair-Bey v. Quick, 151 F.3d 1036,1042 (D.C. Cir. 1998). That system changed in 1970, when the United States Congress passed the District of Columbia Court Reform and Criminal Procedure Act, Pub. L. No. 91-358 (1979) ("Court Reform Act"). The Court Reform Act established the current dual court system and provided a "remedy analogous to 28 U.S.C. § 2255 for prisoners sentenced in D.C. Superior Court who wished to challenge their conviction or sentence." Blair-Bey, at 1042 (citing D.C. Code § 23-110).

Section 23-110(g) provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, **shall not be entertained** by the Superior Court or **by any Federal or State court** if it appears that the applicant has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention. (Emphasis added).

Therefore, prisoners, such as Petitioner, sentenced by the Superior Court of the District of Columbia may collaterally challenge the constitutionality of their convictions by moving in that court under D.C. Code § 23-110. Garris v. Lindsay, 794 F.2d 722, 725 (D.C.Cir.)(*per curiam*), cert denied, 479 U.S. 993 (1986); see also Byrd v. Henderson, 199 F.3d 34, 36-37 (D.C. Cir. 1997) ("Since passage of the Court Reform Act, however, a District of Columbia prisoner seeking to collaterally attack his

sentence must do so by motions in the sentencing court-the Superior Court-pursuant to D.C. Code § 23-110."). If that avenue proves unsuccessful, the prisoner may then appeal in the D.C. Court of Appeals, which is the highest court in the local D.C. court system. See Garris, 794 F.2d at 725 (citing D.C. Code § 23-110(f)).

The Court Reform Act further "provided that, to the extent that [a] remedy [under D.C. Code § 23-110] was available, **it was an exclusive one."** Blair-Bey, 151 F.3d at 1042 (emphasis added). In fact, the Supreme Court has characterized D.C. Code § 23-110(g) as an "unequivocal command to federal courts not to entertain an application for habeas corpus after the applicant has been denied collateral relief in the Superior Court...." Swain v. Pressley, 430 U.S. 372, 377 (1977). In Swain, the Supreme Court held that a district court lacks jurisdiction to entertain a habeas corpus petition attacking the constitutional validity of a Superior Court sentence even after the local remedy, if adequate and effective, has been pursued unsuccessfully. 430 U.S. at 377-78. Consequently, while "prisoners sentenced by state courts may resort to federal habeas corpus after exhaustion of their state remedies, a District of Columbia prisoner has no recourse to a federal judicial forum unless the local remedy is 'inadequate or ineffective to test the legality of his detention.'" Garris, 794 F.2d at 726 (citations omitted). Thus, the Court Reform Act "entirely divested the federal courts of jurisdiction to hear habeas corpus petitions by prisoners who had a section 23-110 remedy available to them, unless the petitioner could show that the section 23-110 remedy was 'inadequate or ineffective.'" Blair-Bey, 151 F.3d at 1042.

Determining whether the remedy available to a prisoner under § 23-110 is inadequate or ineffective "hinges on the same considerations enabling federal prisoners to seek habeas review." Perkins v. Henderson, 881 F.Supp. 55, 59 (D.D.C. 1995); see also Swain, 430 U.S. at 377 ("the language of § 23-110(g) was deliberately patterned after 28 U.S.C. § 2255"). Indeed, the

determinative factor "is the inefficacy of the remedy, not a personal inability to utilize it...." Garris, 794 F.2d at 727; see also David v. Bragg, 1991 WL 21563, at *3 (D.D.C. Feb. 14, 1991)("[T]he focus is on the efficacy of the remedy itself, and a federal court will therefore have jurisdiction only in extraordinary cases, especially given the similarity between the D.C. and federal habeas remedies.").

Here, Petitioner does not state whether he challenged his conviction and sentence pursuant to D.C. Code § 23-110. However, a review of his criminal docket sheet from the D.C. Superior Court in 2013 CF2 009994[5], establishes that he filed a 23-110 Motion on May 22, 2015. Because the Motion was filed only recently and has yet to be decided, it is impossible for Petitioner to demonstrate that the remedy available under § 23-110 was an "inadequate or ineffective" means of challenging his sentence. In fact, even if the Motion had already been denied, an unsuccessful § 23-110 Motion does not demonstrate the inadequacy or ineffectiveness required to support jurisdiction here. See Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000) (stating, in the analogous context of 28 U.S.C. § 2255, that "[t]his Court and other Courts of Appeals have consistently noted that a prior unsuccessful [section] 2255 motion is insufficient, in and of itself, to show the inadequacy or ineffectiveness of the remedy")(internal quotations omitted); Perkins v. Henderson, 881 F.Supp. 55, 59 n. 5 (D.D.C. 1995) ("A petitioner may not complain that the remedies provided him by . . . § 23-110 are inadequate merely because he was unsuccessful when he invoked them."). Thus, this court is without jurisdiction to hear Petitioner's claims to the extent that he is challenging his conviction in the D.C. Superior Court. Williams v. Martinez, 586 F.3d 995, 1000 (D.C. Cir. 2009) "[S]ection 23-110 . . . vest(s) the Superior Court with exclusive jurisdiction over most collateral challenges by

---

[5]The docket sheet can be accessed at the following site:
https://www.dccourts.gov/cco/maincase.jsf

prisoners sentenced in that court.")

## VI. **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that the petition (Dckt. 1) be **DENIED WITH PREJUDICE**.

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: June 4, 2015.

                                                         /s Robert W. Trumble
                                                         ROBERT W. TRUMBLE
                                                         UNITED STATES MAGISTRATE JUDGE