IN THE UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

BILLY RAY SMITH,

            Petitioner,

v.                                      Civil Action No. 5:15CV26
                                                          (STAMP)
C. WILLIAMS, Warden,

            Respondent.


                    **MEMORANDUM OPINION AND ORDER**
                  **AFFIRMING AND ADOPTING THE REPORT AND**
                  **RECOMMENDATION OF THE MAGISTRATE JUDGE**
                  **AND OVERRULING THE PETITIONER'S OBJECTIONS**

                              I.  Background

    The petitioner, a pro se[1] federal inmate, filed an application for habeas corpus under 28 U.S.C. § 2241 ("§ 2241").[2]  In his petition, the petitioner states that he believes that he is being unlawfully detained in violation of the Constitution of the United States.  In support of his petition, the petitioner appears to argue that the government took away his opportunity for claiming innocence.  The petitioner also provides a grievance he filed, and requests counsel.

---

    [1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer.  Black's Law Dictionary 1416 (10th ed. 2014).

    [2]It should be noted that the petitioner also filed a writ of mandamus.  ECF Nos. 7, 8, and 9.  The United States Court of Appeals for the Fourth Circuit has since denied the petitioner's writ of mandamus.  ECF No. 14.

In 1990, the petitioner was convicted of the distribution of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). The United States District Court for the District of Columbia sentenced him to 240 months of imprisonment followed by three years of supervised release. While incarcerated, the petitioner filed a motion under 28 U.S.C. § 2255 ("§ 2255"), which the Court denied. The petitioner was released in 2013, but later was indicted for possession with intent to distribute cocaine. The Superior Court of the District of Columbia ("D.C. Superior Court") sentenced him to 28 months imprisonment and five years of supervised release. Because he also violated his terms of supervised release, the District Court revoked his supervised release. Regarding the revocation of supervised release, the District Court sentenced the petitioner to 18 months imprisonment to be served consecutive to the D.C. Superior Court's sentence.

United States Magistrate Judge Robert W. Trumble then entered a report and recommendation. ECF No. 10. He recommended that the petition, which he construes as § 2255 motion, be dismissed with prejudice. The magistrate judge first found that because the § 2241 petition attacks the sentence rather than its execution, the petitioner's petition should be construed as a § 2255 motion. However, the magistrate judge then found that the § 2255 motion fails to satisfy the requirements of the "savings clause." Moreover, the magistrate judge determined that the petitioner's

conduct, which violated 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), still remain criminal offenses. Therefore, the petitioner failed to establish the requirements under § 2255 and In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). Notwithstanding that the savings clause does not apply, the magistrate judge also found that this Court is without jurisdiction to address the petitioner's challenge against his sentence imposed by the D.C. Superior Court. For those reasons, the magistrate judge recommended that his petition be dismissed with prejudice.

The petitioner timely filed objections. ECF No. 12. The objections assert a myriad of arguments and cite many cases and statutes. Essentially, the petitioner believes that the magistrate judge relied on fraudulent information about his past crimes. Further, he contends that he is actually innocent as to those past crimes. For those reasons, the petitioner objects to the magistrate judge's report and recommendation.

## II. Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which an objection is timely made. Because the petitioner filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed de novo.

III. Discussion

A. Report and Recommendation of the Magistrate Judge

When a petitioner files a § 2241 petition that challenges a federal conviction or sentence, courts often construe that petition as a motion under § 2255. See, e.g., Jiminian v. Nash, 245 F.3d 144, 148 (2d Cir. 2001); Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000). However, a federal prisoner may seek relief under § 2241 when a petition pursuant to § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e) (the "savings clause"); see In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). Under the savings clause, "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." In re Vial, 115 F.3d at 1194 n.5 (internal citations omitted). Rather, § 2255 is inadequate and ineffective to test the legality of a conviction when:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Jones, 226 F.3d at 333–34.

This Court finds that the petitioner fails to establish the elements required by Jones. Specifically, 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), the substantive laws under which the petitioner was convicted, have not changed since the date of the petitioner's conviction such that the petitioner's conduct would no longer be deemed criminal. The crimes petitioner was convicted of still remain criminal. Therefore, the petitioner cannot satisfy the second prong of the Jones test and his § 2241 petition must be denied insomuch as it challenges his conviction. Further, the Fourth Circuit has confined the use of the savings clause to "instances of actual innocence of the underlying offense of conviction, not just innocence of a sentencing factor." Petty v. O'Brien, No. 1:11CV9, 2012 WL 509852 at *2 (N.D. W. Va. Feb. 15, 2012) (quoting Darden v. Stephens, 426 F. App'x 173, 174 (4th Cir. 2011) (per curiam) (refusing to extend the savings clause to reach the petitioner's claim that he was actually innocent of being a career offender)). The petitioner's § 2241 petition challenges only his sentence, and such a challenge is not cognizable under § 2241 through the use of the savings clause. Accordingly, the petition must be dismissed.

In addition to the inapplicability of the savings clause, the petition improperly contests his D.C. Superior Court sentence in this Court. As the magistrate judge correctly points out, prisoners sentenced by the D.C. Superior Court "may collaterally

challenge the constitutionality of [their] conviction by moving in that court." Garris v. Lindsay, 794 F.2d 722, 725 (D.C. Cir. 1986) (citing D.C. Code § 23-110 (2009) (per curiam)).  Moreover, the Supreme Court of the United States has stated that this limitation placed on prisoners like the petitioner is an "unequivocal statutory command to federal courts not to entertain an application for habeas corpus after the applicant has been denied collateral relief in the Superior Court."  Swain v. Pressley, 430 U.S. 372, 378 (1977).  Under D.C. Code § 23-110, a federal court is divested of jurisdiction to hear habeas corpus petitions by prisoners sentenced by the D.C. Superior Court unless the petitioner shows that § 23-110's remedy was "inadequate or ineffective."  The record shows that the petitioner recently filed a motion under § 23-110, which currently remains undecided.  In addition to his undecided § 23-110 motion, the petitioner has not shown how § 23-110's remedy is inadequate or ineffective.  Therefore, to the extent that the petitioner is contesting his 2014 sentence by the D.C. Superior Court, this Court is without jurisdiction to hear that claim.

After reading the petitioner's objections, it appears that the petitioner relies on two primary arguments.  First, the petitioner believes that the magistrate judge relied on fraudulent information in making his findings.  By allegedly relying on fraudulent information, the petitioner believes that the magistrate judge

violated the Privacy Act, 5 U.S.C. § 552a, et seq. Second, the petitioner argues that he is innocent of his prior offenses.

Regarding the petitioner's objection under the Privacy Act, this Court finds that he provides insufficient evidence in order to prevail. "The Privacy Act permits a suit for damages if an agency's violation of § 552a(e)(5) results in a determination adverse to the individual." White v. United States Probation Office, 148 F.3d 1124, 1125 (D.C. Cir. 1998) (per curiam). Stated another way, the Privacy Act "'governs the government's collection and dissemination of information and maintenance of its records [and] generally allows individuals to gain access to government records on them and to request correction of inaccurate records.'" Jones v. Luis, 372 F. App'x 967, 970 (11th Cir. 2010) (quoting Perry v. Bureau of Prisons, 371 F.3d 1304, 1304 (11th Cir. 2004) (per curiam) (alteration in original)). Under the Privacy Act, a person may sue an agency of the federal government. 5 U.S.C. § 552a(g)(1); see 5 U.S.C. § 552(f)(1)(defining agency). Because a claim under the Privacy Act is brought against an agency, "the term does not encompass officers or employees of an agency." Ramirez v. Dep't of Justice, 594 F. Supp. 2d 58, 61-62 (D.D.C. 2009) (internal citations omitted); see Connelly v. Comptroller of the Currency, 876 F.2d 1209, 1215 (5th Cir. 1989). Moreover, the term "agency" excludes "the courts of the United States." 5 U.S.C. § 551(1)(B). Pursuant to the relevant regulations, "presentence

reports and [Bureau of Prisons ("BOP")] inmate records systems are exempt from the amendment provisions of the [Privacy] Act." Id. (citing 28 C.F.R. §§ 16.51(c), 16.97(a); Deters v. United States Parole Comm'n, 85 F.3d 665, 658 n.2 (D.C. Cir. 1996)). Under the Privacy Act, a cause of action occurs "'at the time that (1) an error was made in maintaining plaintiff's records; (2) plaintiff was harmed by the error; and (3) the plaintiff either knew or had reason to know of the error.'" Ramirez, 594 F. Supp. 2d at 62 (quoting Szymanski v. United States Parole Comm'n, 870 F. Supp. 377, 378 (D.D.C. 1994)). However, only victims who prove that they incurred actual damages may recover. See Doe v. Chao, 540 U.S. 614 (2004).

In his objections, the petitioner states that the magistrate judge's report and recommendation "come[s] from/and are made from fraudulent and inaccurate information in violation of the Privacy Act[,] 5 U.S.C. § 552 and 5 U.S.C. 552a." ECF No. 12. Following that statement, the petitioner later discusses how his prior criminal proceedings transpired. As indicated earlier, the Privacy Act applies to agencies, not their employees. Ramirez, 594 F. Supp. 2d at 61-62 (internal citations omitted). To the extent the petitioner is now seeking a claim against the Court and its personnel, such a claim is not permitted under the Privacy Act. Notwithstanding that procedural hindrance, the petitioner does not explain what allegedly fraudulent information the magistrate judge

8

relied on when making his determinations. In addition, the petitioner does not demonstrate why the information that the magistrate judge relied on should be deemed fraudulent. Aside from the petitioner's conclusory assertions that the magistrate judge relied on fraudulent information, he provides no evidence or proof. Therefore, the petitioner's objection as to the reliance on fraudulent information must be overruled.

Similar to the petitioner's lack of evidence of fraud, the petitioner also fails to present evidence of his innocence. The petitioner accuses individuals within the judiciary of "illegally and unlawfully making inaccurate information and bribing" administrative personnel. He then proceeds to assert that the prior courts that sentenced him lacked jurisdiction. In support of his objection, the petitioner offers no specific evidence. Instead, he provides unsubstantiated and conclusory statements. Those statements, and nothing more, fail to demonstrate either the petitioner's innocence or foul play. Therefore, the petitioner's objections must be overruled.

B.  Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 and Section 2255 cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in such cases. This memorandum opinion and order is a final order adverse to the applicant in a case in which 28

U.S.C. § 2253(c)(1) requires issuance of a certificate of appealability to take an appeal.

This Court finds that it is inappropriate to issue a certificate of appealability in this matter. Specifically, the Court finds that the petitioner has not made a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). Upon review of the record, this Court finds that the petitioner has not made the requisite showing. Accordingly, the petitioner is DENIED a certificate of appealability by this district court. The petitioner may, however, request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate of appealability.

## IV. Conclusion

For the reasons set forth above, the magistrate judge's report and recommendation is AFFIRMED AND ADOPTED. Accordingly, the petitioner's petition is DISMISSED WITH PREJUDICE and the petitioner's objections are OVERRULED. The petitioner is DENIED a certificate of appealability by this district court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of the judgment order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: June 22, 2015

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE